UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA DENICE ROMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPILMAN THOMAS & BATTLE, PLLC, )<br>*et al*, )<br>)<br>Defendants. ) | Civil Action No.: 7:23-cv-00749 |

**MEMORANDUM IN SUPPORT OF DEFENDANT CRAIGS CLERK OF CIRCUIT COURT, CRAIGS COUNTY, SHARON OLIVER, CHIEF ADMINISTRATOR'S RULE 12(b)(4) AND RULE 12(b)(5) MOTIONS TO DISMISS**

Defendant Craigs Clerk of Circuit Court, Craigs County, Sharon Oliver, Chief Administrator ("the defendant"), appearing specially by counsel, hereby submits this Memorandum in Support of Defendant's Motions to Dismiss pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as follows:

### I.   STATEMENT OF THE CASE AND MATERIAL FACTS

The plaintiff, acting *pro se*, filed her Complaint (ECF No. 1) against the defendants on November 16, 2023.  Then, on November 30, 2023, a SUMMONS IN A CIVIL ACTION was filed, which was directed to "Sharon Oliver, Chief Administrator, 182 Main Street #5, New Castle, Virginia 24127" (ECF No. 2-7) ("the Summons").  The Summons is a pre-printed form, but all of the case specific information is handwritten.  (*Ibid*).  The Summons is dated "11/30/2023," and it purports to be signed either by the Clerk or a Deputy Clerk of this Court. (*Id*).  Interestingly, however, the Summons does not bear the Court's seal.  (*Id*).

On December 5, 2023, a PROOF OF SERVICE was filed in connection with the Summons (ECF No. 3-7) ("the Proof of Service").  Like the Summons, the Proof of Service is a

pre-printed form that contains handwritten, case specific information.  (*Ibid*).  According to the Proof of Service, the Summons was served on the defendant on "12-1-23" at "182 Main St, New Castle New Castle [sic], Virginia 24127."  (*Id*).  The Proof of Service is signed by the plaintiff, Patricia Roman, as the "server" of the Summons.  (*Id*).

## II.       APPLICABLE LEGAL STANDARDS

"Rule 12(b)(4) permits dismissal of a complaint based on technical defects in process." *B. T. v. Silver Diner Development, LLC*, 2022 WL 3372755 * (E.D. Va. 2022) (citation omitted); *see also* Fed. R. Civ. P. 12(b)(4).  "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." *Davies v. Jobs & Adverts Online, Gmbh,* 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citation omitted); *Stewart v. Virginia Com. University*, 2011 WL 1827735 at *2 (E.D. Va. 2011).  "[T]he party making the service has the burden of demonstrating its validity when an objection to service is made."  *Spooltech, LLC v. UPS Ground Freight, Inc.*, 2012 WL 4460416 (W.D. Va. 2012) (quoting *United States v. Sea Bay Dev. Corp.*, 2007 WL 1378544 at *2 (E.D. Va. 2007)).

## III.      ARGUMENT AND AUTHORITIES

In order to constitute valid service of process, "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Among other requirements, the summons "must" be signed by the Clerk and bear the court's seal.  Fed. R. Civ. P. 4(a)(F) and (G).  Although a plaintiff may prepare a summons, it still must be "present[ed] … to the clerk for signature and seal."  Fed. R. Civ. P. 4(b).  "If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant." *Ibid*.

The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) ….") Fed. R. Civ. P. 4(c)(1) (emphasis added). The summons may be served by "[a]ny person who is at least 18 years old and *not a party* …." Fed. R. Civ. P. 4(c)(2) (emphasis added). Proof of service must be made to the court by the server's affidavit unless service was accomplished by a United State marshal or deputy marshal. Fed. R. Civ. P. 4(l). For the following reasons, both the process and the purported service thereof upon the defendant on December 1, 2023, are insufficient.

### A. The Process Was Insufficient Because The Summons Did Not "Bear The Court's Seal."

Although the documents served upon the defendant consisted of a summons and a copy of the plaintiff's Complaint, the Summons did not comply with the requirements of Rule 4(a). In particular, the Summons did not "bear the Court's seal." Fed. R. Civ. P. 4(a)(G). For this reason, the process was "insufficient," and thus defective and ineffectual.

### B. Likewise, Service Of The Purported Process Was Insufficient Because It Was Served By A Party To The Action.

In addition to the process, itself, being "insufficient," the service thereof was also insufficient. According to the Proof of Service, the plaintiff served the purported process. However, a summons and complaint may not be served by a party to the action. Fed. R. Civ. P. 4(c)(2). Because the plaintiff is a party to the action, and she served the purported process upon the defendant, the service was "insufficient," and thus defective and ineffectual.

## IV. CONCLUSION

For all of the foregoing reasons, the defendant respectfully requests that this Court enter an Order (1) granting her Rule 12(b)(4) and Rule 12(b)(5) Motions to Dismiss for insufficient process and insufficient service of process; (2) quashing the service of process purportedly

obtained upon her on December 1, 2023; (3) dismissing the plaintiff's Complaint; (4) dismissing the defendant as a party defendant to this action; and (5) granting to the defendant such other and further relief as the Court may deem necessary.

By:_____/S/_____
Brian J. Brydges, Esquire
Virginia State Bar No.: 43883
JOHNSON, AYERS & MATTHEWS, P.L.C.
P. O. Box 2200
Roanoke, VA 24009
Telephone:   540-767-2042
Facsimile:   540-982-1552
Email:       bbrydges@jamlaw.net
   *Counsel for Defendant*
   *Craigs Clerk of Circuit Court, Craigs County, Sharon Oliver, Chief Administrator*

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, I electronically filed the foregoing Memorandum in Support of Rule 12(b)(4) and Rule 12(b)(5) Motions to Dismiss with the Clerk of Court using the CM/ECF system, and I mailed a true copy of same to the following:

Patricia Denice Roman
13978 Potts Creek Road
Paint Bank, VA 24131
   *Plaintiff, Pro Se*

_____/S/_____
Brian J. Brydges, Esquire
Virginia State Bar No.: 43883
JOHNSON, AYERS & MATTHEWS, P.L.C.
P. O. Box 2200
Roanoke, VA 24009
Telephone:   540-767-2042
Facsimile:   540-982-1552
Email:       bbrydges@jamlaw.net
   *Counsel for Defendant*
   *Craigs Clerk of Circuit Court, Craigs County, Sharon Oliver, Chief Administrator*