IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

Patricia Denice Roman,                    )
                                          )
       Plaintiff,                      )          Civil Action No. 7:23-cv-00749
                                          )
v.                                        )
                                          )          By: Elizabeth K. Dillon
Spilman Thomas Battle, PLLC,              )              United States District Judge
      *et al.*,                        )
                                          )
       Defendants.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff Patricia Roman, proceeding *pro se*, has filed a "motion to grant omnibus motion for temporary restraining order / no trespassing and change of venue." (Dkt. No. 32.) This memorandum opinion and order will address only Roman's motion only to the extent it requests a temporary restraining order (TRO). For the following reasons, Roman's motion for a TRO will be denied.

## I. BACKGROUND

This suit arises out of the foreclosure of Roman's property at 13978 Potts Creek Road in Paint Bank, Virginia. (Dkt. No. 1.) The complaint is difficult to follow, but it appears that Roman is primarily seeking relief from an order by Craig County[1] Circuit Court Judge Joel Branscom[2] allowing the foreclosure sale of Roman's property to go forward. (*See* State Court Order 9, Dkt. No. 1-4.) Roman's property was purchased on November 6, 2023, and the new owners served Roman with a thirty-day notice to vacate the property and remove her belongings on January 10, 2024. (Mot. for TRO 1, Dkt. No. 32; Dkt. No. 32-1, at 2.) Roman has ostensibly

---

[1] Roman incorrectly named the county as "Craigs County."

[2] Roman incorrectly spelled this defendant's last name as "Branscum."

failed to comply with this order since the purchasers have moved for her eviction from the property in the Craig County General District Court, and the state court is scheduled to hear this matter on February 27, 2024.  (Dkt. No 32-1, at 1.)  Roman now moves for a TRO to enjoin her eviction from the property and the purchasers' installation of fencing on the property.  (Mot. for TRO 2–3.)

## II.  DISCUSSION

A TRO, like a preliminary injunction, is "an extraordinary remedy . . . , which is to be applied 'only in [the]limited circumstances' which clearly demand it."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1992 (quoting *Instant Air Freight Co., v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)).  The court need not consider this extraordinary remedy, however, because Roman's motion seeks to enjoin the actions of non-parties to this suit.  Roman did not name the purchasers of the property as defendants in her complaint or serve them with process; yet, she seeks to enjoin them from continuing with the eviction proceedings against her and otherwise to bar them from exercising their property rights.

A court generally "may not enjoin a non-party to the action before it."  *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1384 (Fed. Cir. 2013).  *See also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 110–12 (1969) (noting that a court may not issue an injunction against a person over which the court had not acquired jurisdiction by service of process); *United States v. Robinson,* 83 F.4th 868, 879 (11th Cir. 2023) (citing *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 436–37 (1934)) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated."); *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) ("Injunctive relief, by its very nature, can only be granted in an in personam action commenced by one party against another in accordance with

established process.  Consequently, a party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity with that person." (italics omitted) (citing Fed. R. Civ. P. 65(d))).  Rule 65(d) of the Federal Rules of Civil Procedure provides that injunctions and restraining orders bind only "the parties to the action, their officers or agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them."

Because the purchasers of the property are not parties to this action and do not fall within the persons that may be bound by Rule 65(d), the court denies Roman's motion for a TRO.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the court hereby ORDERS that Roman's motion (Dkt. No. 32), to the extent it requests a temporary restraining order, is DENIED.  The clerk is DIRECTED to provide a copy of this memorandum opinion and order to Roman and all counsel of record.

Entered: February 15, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge