CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 22, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PATRICIA DENICE ROMAN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:23-cv-00749 |
| | ) |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| SPILMAN THOMAS & BATTLE, PLLC, | ) United States District Judge |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This suit arises out of the foreclosure of Patricia Roman's property at 13978 Potts Creek Road in Paint Bank, Virginia. (*See* Compl., Dkt. No. 1.) The majority of the defendants have individually moved to dismiss her claims on various grounds. (Dkt Nos. 5, 7, 10, 12, 14, 16, 20, 25, 41, 46.) Roman has moved to add new defendants (Dkt. No. 34, 56), for a temporary restraining order against some of these new defendants (Dkt. No. 37, 56), and to compel discovery from several defendants (Dkt. No. 54). For the following reasons, the defendants' motions to dismiss will be granted in part and denied as moot in part, and Roman's motions will be denied.

I. BACKGROUND

Roman, proceeding *pro se*, brings claims for wrongful foreclosure, violation of the Fair Debt Collection Practices Act (FDCPA), violation of the Truth in Lending Act, breach of contract, violation of "Federal Trust and Lien Laws," slander of title, slander of credit, and infliction of emotional distress against numerous defendants. (Compl. 17–18.) The complaint is difficult to follow, but it appears that Roman is primarily seeking relief from an order by Craig

County[1] Circuit Court Judge Joel Branscom[2] allowing the foreclosure sale of Roman's property to go forward.  (*See* State Court Order 9, Dkt. No. 1-4.)  Roman filed a motion for a preliminary injunction in the state court seeking to enjoin the foreclosure sale; some of the defendants in that suit submitted a plea in bar and demurrer requesting the court deny the motion.  (*See* Plea in Bar and Demurrer, Dkt. No. 1-1.)  After a hearing on Roman's motion, Judge Branscom entered an order denying the motion and granting the plea at bar and demurrer on October 30, 2023.  (*See* State Court Order 9 –10.)

Roman's property was purchased on approximately November 6, 2023, by parties not originally named in this suit.  (Second Mot. for TRO 2, Dkt. No. 37.)  On January 10, 2024, two of the new owners, Kevin R. Hazelwood and Robert A. Fridley, served Roman with a thirty-day notice to vacate the property and remove her belongings, though the court has not been able to locate any formal eviction proceedings brought by Hazelwood and Fridley against Roman in the state court records.  (*See* Dkt. No. 32-2.)  Another purchaser, 81 South, Inc., has moved for her eviction from the property in Craig County General District Court.[3]  (*See* Dkt. 32-1.)  Roman previously requested a TRO against the purchasers of the land (Dkt. 32), but the court denied her motion because the purchasers were not parties to the complaint.  (*See* Mem. Op. & Order on First TRO, Dkt. No. 33.)  Upon examination of the state court records, it appears that judgment was entered in favor of 81 South, Inc. on April 23, 2024, and a writ of eviction was issued on May 13, 2024.  As of the writing of this opinion, the writ of eviction has not yet been recorded as executed.

---

[1] Roman incorrectly named the county as "Craigs County."

[2] Roman incorrectly spelled this defendant's last name as "Branscum."

[3] The court found through the state court's record system that the case number for the eviction proceedings is GV24000012-00.

2

The majority of the defendants—the Craig County Clerk of Court, Farm Credit of the Virginias (FCV), Ted Counts Realty & Auction Co., Inc.[4] and two of its employees (Ted F. Counts and George McDaniel) (collectively Ted Counts Realty), Judge Joel Branscom, the Virginia State Bar (VSB), the Virginia Bar Association (VBA), and Spilman Thomas & Battle, PLLC and three of its attorneys (Bryson J. Hunter, Peter M. Pearl, and Brian H. Richardson) (collectively Spilman Defendants)— have now moved to dismiss Roman's complaint.

## II.  DISCUSSION

**A.  Failure to Timely Respond**

The Craig County Clerk of Court filed its 12(b)(4) and (5) motion to dismiss and 12(b)(6) motion to dismiss on December 14, 2023.  (Dkt Nos. 5, 7.)  The court issued Roman a *Roseboro*[5] notice on December 15, 2023, informing her of her right to respond to the motions to dismiss and notifying her that failure to respond within 21 days could result in this case being dismissed for failure to prosecute.  (Dkt. No. 9.)  Roman did not timely respond to the Craig County Clerk's motions to dismiss.[6]  Therefore, the court will dismiss the claims against the Craig County Clerk without prejudice for failure to prosecute.

Roman also did not timely respond to the Virginia Bar Association's motion to dismiss filed on January 17, 2024.  (Dkt. No. 20.)  The court issued a *Roseboro* notice that same day.  (Dkt. No. 23.)  Roman did not respond at all to the VBA's motion, and the time for doing so has passed.  Thus, the court will dismiss the claims against the VBA without prejudice for failure to prosecute.

---

[4] Roman incorrectly names this defendant as "The Counts Realty & Auction Group."

[5] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[6] Roman *did* respond to the Craig County Clerk of Court's motions on January 16, 2024, though this was outside the 21-day period.  (*See* Dkt. No. 27.)  She did not seek an extension of time to respond or seek leave to respond late.

B.  **Rule 8(a)**

The Spilman Defendants, FCV, and Ted Counts Realty bring motions to dismiss Roman's claims under Federal Rule of Civil Procedure 8(a).  (Dkt. Nos. 16, 41, 46.)  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Roman's complaint is long, largely unintelligible, and fails to specify which claims she is bringing against which defendants.  The Fourth Circuit has recently emphasized that allegations in a complaint against collective "defendants" are generally insufficient to state a claim, at least in the § 1983 context.  *Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023).  In *Langford*, the Fourth Circuit was "critical of complaints that fail to isolate the allegedly unconstitutional acts of each defendant, or that make only categorical references to defendants." *Id.* (cleaned up).  The Fourth Circuit reasoned that, in requiring a plaintiff to provide specific factual allegations for every defendant, it "gives fair notice to that defendant of the plaintiff's claim and the underlying factual support." *Id.*  Without such specificity, individual defendants do not have notice that a particular claim is being brought against them. *See also McLin v. Va. Dep't of Corr.*, No. 7:19-cv-00247, 2020 WL 448260, at *2 (W.D. Va. Jan. 28, 2020) ("Mere 'conclusory allegations against defendants as a group' which 'fail[] to allege the personal involvement of any defendant'

4

are insufficient to survive a motion to dismiss.") (quoting *Galicki v. New Jersey*, No. CIV.A. 14-169 JLL, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015)).

Additionally and as FCV and Ted Counts Realty note in their briefs, Roman's pleading appears to be taken near verbatim from the complaint filed in *Robinson v. Moynihan,* No. 3:21-cv-122, 2021 WL 2346107 (E.D. Va. June 8, 2021). (*See* FCV's Br. in Supp. 5, Dkt. No. 42; Ted Counts Realty's Br. in Supp. 5, Dkt. No. 47.) The court there aptly described the complaint as a "shotgun pleading" and noted that such pleading violates Rule 8 because it presents claims "in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded." *Id.* at *3 (citing *Turton v. Va. Dep't of Educ.*, No. 3:14-cv-446, 2014 WL 12539403, at *2 (E.D. Va. Sep. 23, 2014)). The *Robinson* court then noted that it *could* dismiss the pleadings based on their violation of Rule 8(a) alone, as the court did in *Turton,* but it chose to address other grounds for dismissal. *Id.* at *3. Here, the court will dismiss Roman's claims against the Spilman Defendants, FCV, and Ted Counts Realty without prejudice for violations of Rule 8(a) and declines to address their alternate bases for dismissal.

### C. Judge Branscom's 12(b)(6) Motion to Dismiss

#### 1. Legal standard

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most

favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302.

### 2. Judge Branscom's motion

Judge Branscom first argues that the complaint fails to state any factual basis for Roman's claims against him. (Judge Branscom's Br. in Supp. 5, Dkt. No. 15.) Roman only explicitly identifies one action taken by Judge Branscom over the entirety of the complaint, stating, "On October 30, 2023, the Craigs [sic] County Circuit Court in Virginia granted the attorneys' plea in Bar and Demurrer in response to Motion to Order a Preliminary Injunction Barring Sale. On or about November 1, 2023, the plaintiff filed a Notice of Recusal for Chief Judge Joel Branscum [sic] in the Office of the Circuit Court, Craig County case number CL23000219-00." (Compl. 15.) Roman does not elaborate on how Judge Branscom's decision serves as the basis for any of her legal claims. Additionally and as noted above, Roman refers to the defendants collectively throughout the complaint, making it nearly impossible to parse which claims she is asserting against which defendants, in violation of Rule 8(a). In what she deems as her response in opposition to Judge Branscom's motion to dismiss, Roman claims that the judge "committed . . . fraud" and showed favoritism to the attorneys in the state court case when denying her preliminary injunction. (Roman's Corrected Resp. in Opp'n 1, Dkt. No. 29.) Again, though, the complaint does not contain any factual basis for this assertion. Roman has therefore failed to state a claim against Judge Branscom.

Even if Roman *had* stated a plausible claim against Judge Branscom, the judge would be entitled to absolute judicial immunity for the action challenged here. Judicial immunity clothes judges with absolute immunity from liability in damages for their judicial or adjudicatory acts.

6

*Forrester v. White*, 484 U.S. 219, 225–26 (1988). There are two possible exceptions to judicial immunity: it does not shield a judge from (1) non-judicial acts; or (2) acts taken in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Neither exception applies here. The action that Roman challenges—Judge Branscom's denial of her request for a preliminary injunction—clearly was a judicial act because it was a "function normally performed by a judge," and Roman "dealt with the judge in his judicial capacity" in filing a motion with the state court and arguing for the motion at a hearing. *See Mireles*, 502 U.S. at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 360 (1978), as identifying these two factors used to determine whether an act is judicial). Indeed, the grant or denial of injunctions is well within a circuit court judge's jurisdiction. *See* Va. Code § 8.01-620 ("Every circuit court shall have jurisdiction to award injunctions . . . ."). Roman does not address Judge Branscom's assertion of judicial immunity in her response, which the court construes as a concession to this argument. *See, e.g.*, *Gowen v. Winfield*, No. 7:20-cv-00247, 2022 WL 822172, at *4 (W.D. Va. Mar. 18, 2022) ("[P]laintiff has conceded this argument by failing to respond to it . . . ."); *Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.*, No. 3:12-cv-771, 2013 WL 4061259, at *1 (E.D. Va. Aug. 9, 2013) (holding that where a party fails to respond to an argument it is "effectively conceding" the argument). The court will therefore grant Judge Branscom's motion to dismiss and dismiss the claims against him with prejudice.

**D. The Virginia State Bar's 12(b)(1) Motion to Dismiss**

The VSB moves to dismiss Roman's claims against it and its president-elect Michael York[7] for lack of subject matter jurisdiction. The VSB asserts that Roman's claims against it and

---

[7] Roman does not identify York's position with the VSB in her complaint, but the VSB does so in its 12(b)(1) motion. (*See* VSB's Br. in Supp. 2, Dkt. No. 26.)

York are, in fact, claims against the Commonwealth of Virginia and, consequently, the VSB and York are immune from suit by Roman under the Eleventh Amendment.

1. **Legal standards**

    a. *12(b)(1) standard*

In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

    b. *Eleventh Amendment immunity*

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This immunity extends to "state agencies" and other "arms of the state." *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). There are three main exceptions to state sovereign immunity. First, Congress may expressly abrogate a state's sovereign immunity for certain types of cases via statute in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed

to alter the federal-state balance. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 448 (1976). Second, a state may waive its sovereign immunity by consenting to suit. *Clark v. Barnard*, 108 U.S. 436, 447–448 (1883). Finally, an exception recognized in *Ex parte Young*, 209 U.S. 123, 159 (1908), allows private citizens, in proper cases, to seek injunctive relief against state officials in their official capacities to enjoin them from engaging in future conduct that would violate the Constitution or a federal statute. Absent any of these exceptions, any claim against a State or a state agency is "barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

### 2. The VSB's assertion of sovereign immunity

Under Virginia law, the VSB is an administrative agency of the Supreme Court of Virginia. Va. Code § 54.1-3910. The Fourth Circuit has previously stated that the VSB "is, by statute, an arm of the Supreme Court of Virginia[.]" *Konan v. Sengel*, 239 F. App'x 780, 781 (4th Cir. 2007); *see also Ladeairous v. Goldsmith*, No. 3:13-cv-673, 2015 WL 1787297, at *4 (E.D. Va. Apr. 15, 2015) ("The Virginia State Bar is an arm of the state and therefore immune from suit by virtue of the Eleventh Amendment.").

The court must next determine whether any exception to Eleventh Amendment immunity applies here. It is difficult to discern the exact nature of Roman's claims against the VSB. Roman alludes to the involvement of the VSB in the licensing of attorneys by alleging that "the practice of Law CAN NOT be licensed by any state[,]" but she does not specify how the VSB's licensing of attorneys gives rise to any of her claims. (Compl. 7.) Therefore, it cannot be said that this is the type of case where Congress has expressly abrogated the VSB's immunity or that the Commonwealth consented to this suit. Furthermore, Roman does not appear to seek any prospective injunctive relief against the VSB under the *Ex parte Young* exception, or based on

the violation of the U.S. Constitution or any federal statute. Further still, Roman does not contest the VSB's argument that none of the exceptions to sovereign immunity apply here. The court thus finds that Roman has conceded that none of the exceptions apply—a concession consistent with the court's own determination above. For all of these reasons, the VSB is entitled to Eleventh Amendment immunity as to Roman's claims against it.

### 3. York's assertion of sovereign immunity

The VSB asserts that York also is entitled to sovereign immunity. The immunity afforded by the Eleventh Amendment extends to claims for damages against state officials sued in their official capacities for alleged violations of federal law. *Papasan v. Allain*, 478 U.S. 265, 278 (1986). These officials may assert "forms of sovereign immunity that the entity, *qua* entity, may possess." *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The VSB argues that Roman is suing York in his official capacity: "To the extent Michael York had any involvement in licensing attorneys, it could only have been in his official capacity as an officer of the VSB. *See* Rules of the Supreme Court of Virginia, Part 6, § IV, ¶ 4 (providing that the President-elect is an officer of the VSB)." (VSB's Br. in Supp. 5–6, Dkt. No. 26.)

In order to identify the real, substantial party-in-interest for claims against state officials, the court must examine the substance of the claims in the complaint and pose inquiries such as: "were the allegedly unlawful actions of the state officials tied inextricably to their official duties" and "would a judgment against the state officials be institutional and official in character such that it would operate against the State[.]" *Martin v. Wood*, 772 F.3d 192, 196 (4th Cir. 2014) (internal quotations omitted). Again, it is unclear what the claims are against York, but it appears they have something to do with the licensure of attorneys, which is under the purview of the VSB. Moreover, Roman does not identify any specific actions taken by York personally that

could support an individual-capacity claim. Therefore, any involvement York had with the licensure of attorneys was tied to his official duties as an officer of the VSB and any judgment against York likely would be "official in character such that it would operate against" the Commonwealth. *See Martin*, 772 F.3d at 196. Because the court concludes that this suit is brought against York in his official capacity, he is entitled to the same sovereign immunity as the VSB.

As with the VSB, it does not appear that Roman is seeking any injunctive relief against York, and so the *Ex Parte Young* exception is inapplicable. In any event, Roman does not contest York and the VSB's assertions of immunity in her opposition to their motion, nor does she even mention these defendants by name. (*See* Dkt. No. 31.) As above, the court construes Roman's silence as a concession to these assertions of immunity. For these reasons, the court will grant the VSB's motion to dismiss for lack of subject matter jurisdiction and dismiss the claims against it and York without prejudice. The court declines to address the VSB's alternate bases for dismissal.

### E. Roman's Motions to Add New Defendants

The court turns now to Roman's pending motions. First, Roman has moved to add thirteen additional defendants to this case across two motions (Dkt. Nos. 34, 57) because she asserts that these defendants are "essential to the resolution of this matter . . . ." (First Mot. to Add Defs. 2, Dkt. No. 34.) The court construes Roman's motions as ones for leave to amend the complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Roman must obtain leave of court in order to amend the complaint. Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." However, a court may deny leave to amend when (1) the amendment would

prejudice the opposing party; (2) the movant acted in bad faith; or (3) amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

The court finds that Roman's proposed amendment of the complaint would be futile. A plaintiff's amendment is futile when the proposed amended complaint "fails to withstand Rule 12(b)(6) scrutiny" by failing to state a claim upon which relief can be granted. *United States ex rel. Wilson v. Kellog Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Here, Roman has failed to submit any proposed amended complaint along with her motions, meaning the court cannot fully evaluate the viability of Roman's new claims. As another judge of this court has explained, the failure to submit a proposed amended complaint with a motion for leave to amend renders such a motion futile. *See Dotson v. Warden of KMCC*, No. 7:13-cv-00529, 2014 WL 5810460, at *4 (W.D. Va. Nov. 7, 2014) (finding amendment would be futile when petitioner failed to provide proposed amended complaint because the court could not evaluate proposed amended complaint without seeing it and collecting authority for same).

Moreover, Roman appears to claim in the body of her motions that these new defendants violated the Fair Debt Collection Practices Act (FDCPA), violated the due process clause of the Fourteenth Amendment, and committed theft, yet she does not provide any factual support for these allegations. (First Mot. to Add. Defs. 2–3; Second Mot. to Add Defs. 2–3.) She also collectively refers to the proposed defendants throughout her first motion as "the defendants" without specifying which proposed defendants purportedly violated which laws. Given that Roman has not attached any proposed amended complaint and her motions do not provide factual support for her proposed claims against these new defendants, her proposed amendment fails to withstand 12(b)(6) scrutiny and, thus, is futile. The court will therefore deny Roman's motions to add defendants.

### F. Roman's Motions for Temporary Restraining Orders

Roman moves for TROs against several of the proposed defendants listed in her motions for leave to amend, asking the court to halt her eviction and the alteration of her land. (Second Mot. for. TRO 2, Dkt. No. 37; Third Mot. for TRO 2–3, Dkt. No. 56.) As noted at the outset of this opinion, the court will deny these motions. Roman previously moved to restrain the new owners of the property from evicting her and entering the land, and the court subsequently denied the motion for a TRO because the purchasers were not parties to the suit. (*See* Roman's First Mot. for TRO, Dkt. No. 32; Mem. Op. & Order, Dkt. No. 33.) Because the court is denying Roman's motions to add defendants, the individuals against whom she now seeks TROs are still not parties. As the court explained in detail in its previous memorandum opinion and order, a court "may not enjoin a non-party to the action before it." *Aevoe Corp. v. AE Tech Co.*, 727 F.3d 1375, 1384 (Fed. Cir. 2013). Further, Rule 65(d) of the Federal Rules of Civil Procedure provides that injunctions and restraining orders bind only "the parties to the action, their officers or agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them." Roman does not argue that any of the proposed defendants against whom she seeks TROs falls into these categories. Because these proposed defendants are not parties to this action and Roman does not claim that they fall within the persons that may be bound by Rule 65(d), the court will deny Roman's motions for TROs.

### G. Roman's Motion to Compel Discovery

Finally, Roman moves to compel discovery from the Spilman Defendants, FCV, and the Farm Credit Administration (FCA). (Am. Mot. to Compel 2, Dkt. No. 54.) The court is dismissing the Spilman Defendants and FCV as defendants to this action, so the court will deny Roman's motion as to those defendants as moot. As noted in the court's Order to Show Cause

13

(Dkt. No. 55), Roman has not yet properly served the FCA. It is premature to propound discovery to a party before it has been served and before it has answered or otherwise responded to the complaint. Thus, her motion to compel discovery from the FCA is denied without prejudice as premature.

### III.  CONCLUSION

For the reasons stated above, the court will order as follows: Roman's claims against the Craig County Clerk of Court and the VBA will be dismissed without prejudice for failure to prosecute; Roman's claims against the Spilman Defendants, FCV, and Ted Counts Realty will be dismissed without prejudice for Roman's violations of Rule 8(a); Roman's claims against Judge Branscom will be dismissed with prejudice for failure to state a claim; and Roman's claims against the VSB and York will be dismissed without prejudice for lack of subject matter jurisdiction. All other motions to dismiss based on grounds not listed above will be denied as moot, as outlined in the accompanying order. The court will also deny Roman's motions to add new defendants and for TROs against several of the proposed defendants. Roman's motions to compel discovery will be denied as moot as to the Spilman Defendants and FCV and will be denied without prejudice as to the FCA.

Entered: May 22, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge